UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL A. BRUZZONE,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES ATTORNEY FOR THE DISTRICT OF COLUMBIA,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 25-cv-00520 (APM)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiff Michael A. Bruzzone brings this pro se case against U.S. Attorneys offices, judges, and federal employees around the country. Compl., ECF No. 1 [hereinafter Compl.], at 8. Because Plaintiff fails to raise a substantial federal question and his claims are patently frivolous, the court *sua sponte* dismisses the Complaint and this action.

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" or "obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citations omitted) (internal quotation marks omitted); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when 'it is patently insubstantial, presenting no federal question suitable for decision.'" (internal quotation marks omitted) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994))). Claims are insubstantial and frivolous if they are "essentially fictitious" or advance "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Best*, 39 F.3d at 330 (internal

quotation marks omitted). In such cases, a district court may dismiss the case *sua sponte*. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008).

Here, Plaintiff's allegations are difficult to follow, to say the least. His claim appears to center on the dismissal of an action he brought against Intel Corporation under the Clayton Act. Compl. at 8–9. He describes this alleged conduct as "federal theft for 11 consecutive years beginning in 2013." *Id.* at 9. He seeks entry of judgment in the amount of "$139,237,500 000 [sic] to $192,000,000,000." *Id.* at 36.

The court is mindful that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But Plaintiff's claim is clearly fantastic, delusional, and "essentially fictitious." *Best*, 39 F.3d at 330 (internal quotation marks omitted). Moreover, he cannot proceed as a pro se plaintiff in a False Claims Act case, which this case appears to be. *See United States ex rel. Feliciano v. Ardoin*, 127 F.4th 382, 384 (D.C. Cir. 2025). Accordingly, the court dismisses the Complaint and this action for lack of subject matter jurisdiction.

A separate final, appealable order accompanies this Memorandum Opinion.

Dated: March 31, 2025

Amit P. Mehta
United States District Court Judge

2